UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDY H.,

                Plaintiff,           **DECISION AND ORDER**

     v.

                                 1:22-CV-00117 EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Brandy H. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §1383(c)(3).

Presently before the Court is the Commissioner's motion to dismiss Plaintiff's complaint as untimely filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 8). For the reasons discussed below, the Commissioner's motion is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and granted.

## BACKGROUND

On November 7, 2012, Plaintiff applied for SSI, alleging disability beginning September 1, 2009. (Dkt. 1-1 at 6-8). The application was denied at the administrative level, which prompted Plaintiff to seek judicial review. On May 18, 2015, Plaintiff filed her original complaint, which was resolved on November 4, 2015, when, by stipulation of

the parties, the matter was remanded to the Commissioner for further proceedings.[1] (Dkt. 10 at 1-2; Dkt. 10-4 at 1-2). Once the matter was returned to the Commissioner, Plaintiff appeared for another administrative hearing in front of a new administrative law judge ("ALJ"), who issued another unfavorable decision. (Dkt. 10 at 2). Plaintiff subsequently filed her second complaint seeking judicial review, which was resolved by Decision and Order issued on March 27, 2020, pursuant to which the matter was again remanded to the Commissioner.[2] (Dkt. 10-5 at 3).

On August 24, 2021, Plaintiff appeared before an ALJ at an administrative hearing. (Dkt. 1-1 at 6). The ALJ denied Plaintiff's claim for disability benefits on September 28, 2021. (*Id*. at 6-20). The notice of unfavorable decision was mailed to Plaintiff the same day with instructions that in the absence of Plaintiff's written exceptions or the Appeals Council's assumption of jurisdiction over the matter, the ALJ's decision would become final on the 61st day following the date of the notice. (*Id*. at 3). The notice also advised Plaintiff of her right to seek judicial review of the ALJ's decision within 60 days of the date that the ALJ's decision became final.[3] (*Id*.). The record before the Court does not demonstrate that Plaintiff submitted written exceptions to challenge the ALJ's decision, or

---

[1]   Case No. 1:15-cv-00411-EAW.

[2]   Case No. 1:18-cv-00714-MWP.

[3]   While the parties agree on the filing deadline, they appear to disagree on the date that the ALJ's decision became final. The Commissioner submits that the decision became final on Tuesday, November 30, 2021, while Plaintiff argues that it became final on Sunday, November 28, 2021. (Dkt. 8-1 at 4-5; Dkt. 10 at 3).

that the Appeals Council assumed jurisdiction over the matter. The parties agree that Plaintiff's deadline to commence the instant action was January 28, 2022. (Dkt. 8-1 at 5; Dkt. 10 at 3). Plaintiff filed her complaint on February 8, 2022, without previously requesting an extension of time to file for judicial review. (Dkt. 1).

On April 11, 2022, the Commissioner moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to commence the action within the 60-day limitation period. (Dkt. 8). Plaintiff opposed the Commissioner's motion on the basis that her untimely filing of the complaint was justified based on equitable tolling. (Dkt. 10).

## DISCUSSION

### I.     Legal Standard

A motion to dismiss on statute of limitations grounds is generally treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015). "The reason Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the statute of limitations presents an affirmative defense.'" *Id.* (quoting *Courtney v. Colvin*, No. 13 Civ. 2884(AJN)(JLC), 2013 WL 5652476, at *2 (S.D.N.Y. Oct. 17, 2013)). When determining the sufficiency of a motion to dismiss under Rule 12(b)(6), the Court's consideration is "limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs'

possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Here, the parties have relied upon documents outside the pleadings. First, the Commissioner has submitted to the Court copies of the ALJ's decision dated September 28, 2021, and the accompanying notice of hearing decision. (*See* Dkt. 8-2 at 10-37).[4] These documents were also appended to the complaint as an exhibit (*see* Dkt. 1 at ¶ 2; Dkt. 1-1), and are thus properly considered by the Court on the instant motion.

Second, Plaintiff has submitted to the Court an affidavit signed by an employee of Plaintiff's counsel, as well as a screenshot of internal case management software used by Plaintiff's counsel. (Dkt. 10-2; Dkt. 10-3). These documents contain factual material that is not found anywhere in the complaint, and the parties have offered no argument as to why they are properly before the Court. *See Hood v. Cath. Health Sys., Inc.*, No. 1:20-CV-673, 2020 WL 8371205, at *3 (W.D.N.Y. Sept. 28, 2020) ("While Rule 12(b)(6) allows consideration of whether the complaint shows on its face that the limitations period has run, the question of equitable tolling generally depends on matters outside the pleadings."); *see also Marquez-Ortiz v. United States*, No. 20-CV-5793 (JPO), 2021 WL 3863005, at *2 (S.D.N.Y. Aug. 30, 2021) ("Whether circumstances are sufficiently extraordinary to justify equitable tolling generally depends on matters outside the pleadings, so it is rarely

---

[4]   The Commissioner has also submitted a copy of an Order of Appeals Council issued on March 23, 2021. (*See* Dkt. 8-2 at 7-9). This document is irrelevant to the Court's resolution of the instant motion and has not been relied upon herein.

appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." (quotation omitted)).

The Court nonetheless concludes that under the circumstances here, it is appropriate to convert the motion to one for summary judgment and that no formal notice to the parties is required. Fed. R. Civ. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Courts have held that no formal notice under Rule 12(d) is required where—as in this case—the moving party invoked both Rule 12(b)(1) and 12(b)(6), both parties submitted materials outside the pleadings, and "neither party objected to the submission of materials outside of the pleadings or argued that they are unreliable." *Palmer-Williams v. United States*, No. 14-CV-9260 (CS), 2016 WL 676465, at *3 (S.D.N.Y. Feb. 18, 2016), *aff'd*, 675 F. App'x 70 (2d Cir. 2017); *see also Hood*, 2020 WL 8371205, at *3 ("[L]ike in *Palmer-Williams*, neither party has objected to the submission of materials outside the pleadings or argued that they are unreliable. Both parties have submitted material outside of the pleadings to support their positions on equitable tolling, and they both appear to request that the court consider those materials. The court can accordingly conclude that neither party is prejudiced by the failure to provide express notice." (citations and quotation omitted)).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

## II.     **Plaintiff's Complaint is Untimely and Equitable Tolling Does Not Apply**

There are no factual disputes regarding whether Plaintiff's complaint was timely filed. The parties agree that Plaintiff's deadline to commence the instant action was January 28, 2022. (Dkt. 8-1 at 5; Dkt. 10 at 3). Plaintiff concedes that her complaint was untimely as it was filed 10 days after the deadline. (Dkt. 10 at 3). Having recognized Plaintiff's admission on the issue of timeliness, the Court now turns to determine whether Plaintiff's failure to timely file the compliant can be excused based on equitable tolling.

It is well-established that absent a statutory waiver, the United States is immune from suit without its consent. *City of Suffolk v. Sebelius,* 605 F.3d 135, 140 (2d Cir. 2010). Judicial review of the Commissioner's final decisions on claims arising under Title XVI is governed by Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), which provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 472 (1986) (a claimant may seek judicial review in federal court once he has exhausted all administrative remedies, but must do so within 60 days of the Secretary's final decision as required by 42

U.S.C. § 405(g)).  "Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collective cases).

Because the 60-day deadline constitutes a period of limitations, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479.  However, in light of Congress' intent to be "unusually protective" of social security claimants, the 60-day limitation period has been deemed subject to equitable tolling.  *See Alexander v. Saul*, 5 F.4th 139, 152 (2d Cir. 2021) ("equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area . . .") (citation omitted).  Because "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations[,]" the court can toll it "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *State of New York v. Sullivan*, 906 F.2d 910, 917 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).  In order for the Court to extend the 60-day filing requirement a litigant must demonstrate that she has been pursuing her rights diligently and that "some extraordinary circumstance stood in [her] way" preventing a timely filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal citations omitted).

Plaintiff argues that her late filing of the complaint should be forgiven because she was diligent in pursuing her claim since 2012, when she first applied for disability benefits, and because of the existence of several extraordinary circumstances that justify tolling of

her filing deadline. (Dkt. 10 at 4-7). While the Court agrees that Plaintiff has been diligent, it disagrees that extraordinary circumstances are present.

To satisfy the first requirement of the equitable tolling test, Plaintiff needs to demonstrate that her efforts in pursuing this action have been "reasonably diligent." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) ("The standard is not 'extreme diligence' or 'exceptional diligence,' it is *reasonable* diligence.") (emphasis in original). Here, the Court finds that Plaintiff has, indeed, demonstrated her diligent pursuit of her disability claim since 2012, the date she first filed her application for SSI. (Dkt. 10-1, ¶ 3). Since then, Plaintiff appeared at several administrative hearings following two remand orders issued by this Court, with her latest appearance at the administrative hearing on August 24, 2021, that resulted in an unfavorable decision issued by the ALJ on September 28, 2021. (Dkt. 1-1 at 6-20). The record is also clear that following the September 28, 2021 decision, Plaintiff actively assisted her attorney's office with the filing of the instant matter by communicating with support staff over the phone about her case and by promptly completing *in forma pauperis* ("IFP") and Equal Access to Justice Act ("EAJA") paperwork prior to the filing of the instant complaint. (Dkt. 10-1 at ¶¶ 20, 23, 24).

However, diligent pursuit of a disability claim alone does not warrant the tolling of a limitation deadline without a showing of the existence of an extraordinary circumstance that prevented a claimant from filing a timely complaint. "Application of the doctrine [of equitable tolling] is appropriate only in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Cole-Hill ex rel. T.W.*,

110 F. Supp. 3d at 484.  Even reviewing the factual situation in the light most favorable to Plaintiff, the Court finds that she has not demonstrated that extraordinary circumstances stood in her way from timely seeking judicial review.

Generally, courts in this Circuit have extended the filing deadline in instances where a social security claimant failed to timely seek judicial review because of a mental or physical impairment, or "where misleading or covert action by the government or an attorney impede[d] [the] claimant from timely pursuing the correct judicial avenues[.]" *Bender v. Astrue*, No. 09-CV-5738(KAM), 2010 WL 3394264, at *5 (E.D.N.Y. Aug. 23, 2010) (internal citations omitted); *see also Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (plaintiff's mental incapacity may warrant equitable tolling in some circumstances); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 514 (2d Cir. 2002) (counsel's difficulty to communicate with client caused by the client's psychiatric illness was sufficient to justify late filing of a disability appeal).

By contrast, it has been long recognized that counsel's "bad advice" provided to a client, as well as ordinary mistakes, or miscalculations of a filing deadline, generally do not rise to the level of an "extraordinary circumstance" warranting tolling of a filing deadline. *See, e.g.*, *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]"); *Martinez v. Superint. of E. Corr. Fac.*, 806 F.3d 27, 31 (2d Cir. 2015) ("Attorney error generally does not rise to the level of an 'extraordinary circumstance.'  [H]owever, attorney negligence may constitute an extraordinary circumstance when it is 'so egregious as to amount to an effective abandonment of the attorney-client relationship.'" (citation omitted)); *Torres*, 417 F.3d at

280 ("[T]he failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling."); *Chapman*, 288 F.3d at 512 ("Importantly, a want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll.") (citation omitted).  Simply put, when an attorney's misconduct is, at best, described "as a garden variety claim of excusable neglect," *Irwin v. Dep't of Vets. Aff.*, 498 U.S. 89, 96 (1990), equitable tolling of a filing deadline is not justified, *see Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (attorney's confusion about the deadline for filing a civil action was a "garden variety claim of excusable neglect" that did not justify equitable tolling).

Here, Plaintiff argues that she is entitled to equitable tolling because of the clerical error made by a paralegal of her attorney's law firm, who incorrectly inserted the date of the ALJ's decision in the firm's internal case tracking system, which ultimately resulted in Plaintiff's attorney missing the filing deadline by 10 days.  (Dkt. 10-1 at ¶¶ 18-19, 26). Plaintiff's counsel submits that the error was made as a result of the deterioration in the paralegal's mental health caused by a traumatic event that she had experienced in February 2021, and the subsequent exacerbation of her symptoms.  (Dkt. 10 at 6-7; Dkt. 10-2 at ¶¶ 8-14).  Counsel argues that the traumatic event, as well as the deterioration of the paralegal's mental health, represent extraordinary circumstances justifying the untimely filing of Plaintiff's complaint.  (Dkt. 10 at 7).  The Court does not find these circumstances sufficient to warrant Plaintiff's late filing of her Social Security appeal.

Plaintiff is correct in arguing that an attorney's mishandling of a client's case stemming from the attorney's mental illness may, under some circumstances, warrant tolling of filing deadlines.  *See, e.g.*, *U.S. v. Cirami (Cirami II)*, 563 F.2d 26, 35 (2d Cir. 1977) (recognizing attorney's mental illness as grounds for relief under Rule 60(b)(6)); *Nurani v. Marissa*, 151 F.R.D. 32, 34 (S.D.N.Y. 1993) (discussion in the context of Rule 60(b)(6) relief from judgment due to attorney's mental illness); *Ituarte v. Chevrolet Motor Div.*, No. 86 CIV. 2843, 1989 WL 10562, at *5 (E.D.N.Y. Feb. 2, 1989) (counsel's abandonment of the action due to mental illness was excused).  However, that is not the case where the attorney's illness did not cause him to completely abdicate his responsibilities as an attorney, but resulted in misconduct that did not rise to the level of more than an ordinary mistake.  *See Groves v. Comm'r of Soc. Sec.*, No. 7:12-cv-904 (GLS/RFT), 2014 WL 5475292, at *3 (N.D.N.Y. Oct. 29, 2014) (a combination of attorney's computer and health problems that prevented her from timely filing plaintiff's complaint was nothing more than a "garden variety" claim of neglect that did not create extraordinary circumstances warranting tolling of the limitations period); *Chiuminatta Concrete Concepts Inc. v. Cardinal Indus. Inc.*, No. CV 95-4995 LGB (JGx), 1999 WL 160286, at *5 (C.D. Cal. Jan. 21, 1999) (relief from judgment was not warranted despite counsel's debilitating mental disorder where counsel did not neglect the case, but responded to pleadings and motions).

As unfortunate as the reason for the paralegal's error may have been, it does not represent the type of "extraordinary circumstance" sufficient to justify tolling Plaintiff's filing deadline.  *See Baldayaque*, 338 F.3d at 152-53 ("[W]hile the normal errors made by

attorneys may not justify equitable tolling, extreme situations . . . require a different result . . . . [A]n attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling."). Plaintiff's counsel himself admits that the paralegal's inputting of the incorrect date of Plaintiff's unfavorable decision into his office's case tracking system was a "clerical error." (Dkt. 10-1 at ¶ 18-19). Additionally, the record does not demonstrate that the error made by the paralegal caused Plaintiff's counsel to abandon either Plaintiff's or any other client's matter. Instead, it is clear that following October 4, 2021, the date when the paralegal inserted the wrong date of the ALJ's decision, at least two other paralegals of the same law firm communicated with Plaintiff about her case, coordinated her completion and return of IFP and EAJA forms prior to filing Plaintiff's action in this Court, and made entries on Plaintiff's case in the same tracking system utilized by the law office.[5] (*Id*. at ¶¶ 20, 22-24; Dkt. 10-3 at 2). What is more, aside from the paralegals who worked on Plaintiff's matter by either directly communicating with her or by inputting data about her case in the tracking system from October 2021 through January 2022, another attorney in the law firm reviewed the ALJ's unfavorable decision in October 2021 and, as a result, concluded that filing the instant action was warranted. (Dkt. 10-1 at ¶ 21). However, neither the attorney, nor the support staff who worked on Plaintiff's matter, caught the error in the firm's case tracking system, or noticed that the ALJ's decision could not have been issued on October

---

[5]   A copy of the printout of the tracking system submitted in support of Plaintiff's motion also demonstrates that at least one additional individual, KRH, may have made entries between August 24, 2021, and February 8, 2022, in the law firm's tracking system that related to Plaintiff's matter. (Dkt. 10-3 at 2).

28, 2021, when they reviewed the case and communicated with Plaintiff regarding it in early October 2021.  (*Id*. at ¶¶ 20, 21).  This oversight does not present an extraordinary situation, but, instead, amounts to nothing more than a "normal error" made by an attorney's office that does not justify equitable tolling.  *Baldayaque*, 338 F.3d at 152.

The Court recognizes that dismissal of this action, particularly when Plaintiff's failure to meet the filing deadline was brief, is a harsh remedy that will put an end to her nearly 10-year battle for disability benefits.  However, because the 60-day filing requirement is a statute of limitations that should be strictly construed, courts of this Circuit "have not hesitated to find . . . complaints that miss this deadline by a matter of days . . . untimely."  *Courtney v. Colvin*, No. 13 Civ. 02884(AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (collecting cases); *see, e.g.*, *Natale v. Comm'r of Soc. Sec.*, No. 1:17-cv-00908 (KHP), 2017 WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017) (dismissal after a one-day delay); *Davila v. Barnhart*, No. 02 Civ. 194 (DLC), 225 F. Supp. 2d 337, 340 (S.D.N.Y. July 17, 2002) (dismissal after a one-day delay).  Accordingly, even in the light most favorable to Plaintiff, the circumstances of the case do not rise to the level of "extraordinary" to warrant tolling of Plaintiff's filing deadline.  As such, Plaintiff's untimely complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion to dismiss (Dkt. 8) is converted to a motion for summary judgment and granted. The Clerk of Court is directed to enter judgment in favor of the Commissioner and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    October 25, 2022
          Rochester, New York